UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fernando Tello Mejia,                                    Civ. No. 24-1170 (PAM/DLM)

        Plaintiff,

v.                                                                    **ORDER**

Richard Muro and
City of Minneapolis,

        Defendants.

This matter is before the Court on Plaintiff Fernando Tello Mejia's "Motion to Pass Bar Under Controlling Interlocutory Appeals" and Application to Proceed in Forma Pauperis on Appeal.

Magistrate Judge Douglas L. Micko has denied Plaintiff Fernando Tello Mejia's motions to appoint counsel three times. (Docket Nos. 56, 75, 78.) Mejia seeks to appeal the most recent such decision to the Eighth Circuit Court of Appeals. However, the Eighth Circuit is without jurisdiction to hear his appeal at this stage of the proceedings. See LeGear v. Thalacker, 46 F.3d 36, 37 (8th Cir. 1995) (dismissing plaintiff's appeal of magistrate judge's decision denying motion for appointment of counsel for lack of jurisdiction). Indeed, "[d]enial of appointment of counsel is a nondispositive matter, which must be appealed to the district judge assigned to the case." Larson v. Minnesota Dep't of Hum. Servs., Civ. No. 23-1823, 2025 WL 1745860, at *2 (D. Minn. June 24, 2025) (Tunheim, J.) (citations omitted). Because Mejia is proceeding pro se, the Court will liberally construe his appeal to the Eighth Circuit as an appeal to this Court.

A district court's review of a magistrate judge's decision on a nondispositive issue is extremely differential and the district court will overturn the decision only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Here, Judge Micko's decision to deny appointment of counsel for Mejia was neither clearly erroneous nor contrary to law.

As Judge Micko has repeatedly explained, there is no right to counsel in a civil proceeding. (See, e.g., Docket No. 78 at 1–2.) The record demonstrates that Judge Micko evaluated the factors that a court considers when determining whether to appoint counsel to an indigent litigant, such as "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991). As Judge Micko found, none of those factors are present here. (Docket No. 75 at 2.) Moreover, Judge Micko referred Mejia to the Federal Bar Association's Pro Se Project to align him with volunteer counsel, who assisted him through and after a settlement conference. (Docket No. 55.) Mejia's inability to find a lawyer to represent him in the remainder of this matter does not change the analysis. Therefore, the Court agrees with Judge Micko's conclusions on this issue and determines that Mejia is not entitled to the appointment of counsel.

Accordingly, **IT IS HEREBY ORDERED that**:

1.    Plaintiff Fernando Tello Mejia's "Motion to Pass Bar Under Controlling Interlocutory Appeals" (Docket No. 82) is **DENIED**; and

2.    Plaintiff's Application to Proceed in Forma Pauperis on Appeal (Docket No. 83) is **DENIED without prejudice** as premature.

Dated: <u>February 17, 2026</u>                    s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge

3