UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fernando Tello Mejia,                                  Civ. No. 24-1170 (PAM/DLM)

        Plaintiff,

v.                                                            **ORDER**

Richard Muro and
City of Minneapolis,

        Defendants.

_____

This matter is before the Court on Plaintiff Fernando Tello Mejia's "Affidavit" and "Writ of Mandamus." (Docket Nos. 93, 97.)

Mejia filed an unsworn document titled "Affidavit" in which he makes various requests that the Court will address in turn. Mejia first seeks a jury trial. Indeed, he is guaranteed the right to a jury should this matter proceed to trial. This request is therefore moot. He further asks that the Court appoint an investigator and order the investigator to depose a witness. Discovery in this matter has closed; thus, the time to take depositions has passed. Even so, the Court does not appoint investigators. This request is denied, as is Mejia's other untimely discovery-related request that all depositions be recorded and that a court reporter be present. Even if the request was timely, the Court does not oversee depositions.

Also, Mejia objects to the denial of his previous request to appoint counsel. He provides no basis for his objection. Moreover, the Court has repeatedly denied his requests for counsel, as described further below. This request is denied.

Mejia additionally asks to be transported to a hearing on August 1, 2026. However, there is no hearing or trial set for August 1, 2026. Although this case is to be trial ready by that date, the Court has not set a trial date. (See Docket No. 91 (explaining that the Pretrial Scheduling Order "sets a ready for trial date of August 1, 2026).) Indeed, August 1 is a Saturday, and the Court is closed. If a trial date is set in this matter, the Court will address transportation arrangements at that time.

Mejia also files a "Writ of Mandamus." As an initial matter, Mejia provides no basis for the "writ" or any petition for the same, nor does the Court find any issuance of a writ appropriate here. See 28 U.S.C. § 1361 (a district court's "jurisdiction of any action in the nature of mandamus" is limited to those "compel[ling] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Setting that aside, Mejia's requests contained therein are meritless. Mejia asks that the Court prosecute Defendants Ricardo Muro and the City of Minneapolis. The Court does not prosecute. This request is denied.

Finally, Mejia again asks that the Court appoint counsel on his behalf. As the Court has repeatedly informed him in denying previous requests for counsel, there is no right to counsel in a civil matter. (See Docket No. 56 at 1, Docket No. 75 at 1–2, Docket No. 78 at 1–2, Docket No. 89 at 1–2, Docket No. 91.) Likewise, as the Court has continually instructed Mejia, if this case proceeds to trial, he may renew his request for appointment of counsel at that time. (See Docket No. 56 at 2, Docket No. 75 at 2, Docket No. 78 at 2, Docket No. 89 at 2–3.) The Court will not depart from this conclusion or look kindly

toward yet another request to appoint counsel unless this matter is scheduled to proceed to trial.  Mejia's request that the Court issue a writ of mandamus is denied.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff Fernando Tello Mejia's Affidavit (Docket No. 93) and Writ of Mandamus (Docket No. 97) are **DENIED**.

Dated: June 2, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

3